**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. SABOURIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:11-CV-2109-M-BK** |
| | § | |
| **CAROLYN COLVIN,** | § | |
| **Acting Commissioner of Social** | § | |
| **Security,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference* (Doc. 25), this cause is before the Court for a recommendation on Plaintiff's *Motion for Attorney Fees Under the Social Security Act*. (Doc. 24). The Commissioner submits that counsel's requested fee appears to be unreasonable because the resulting hourly rate is too high. (Doc. 27 at 3-5). For the reasons that follow, Plaintiff's motion should be **GRANTED IN PART**.

Following the Court's remand of this case to the Commissioner for further proceedings, the Court previously awarded Plaintiff's counsel attorneys' fees in the amount of $5,056.31 under the Equal Access to Justice Act ("EAJA"). (Doc. 23 at 1). On remand, the Commissioner found Plaintiff disabled and awarded him retroactive disability benefits. (Doc. 24-1 at 3). Consistent with counsel's contingency agreement with Plaintiff, the Social Security Administration notified counsel that it withheld $40,613.00 from Plaintiff's past due benefits, representing 25 percent, as payment for his legal fees. (Doc. 24 at 2; Doc. 24-1 at 2) (letter from Administration). Counsel now requests to be awarded attorneys' fees in the amount of $35,000, pursuant to the Social Security Act, which allows recovery of a contingency fee in such cases. (Doc. 24 at 2, 7). Upon receipt of this sum, counsel represents that he will return to Plaintiff the

EAJA fees of $5,056.31.  (Doc. 24 at 13).

Under 42 U.S.C. § 406(b), whenever a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled.  Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and section 406(b), "but . . . must refund to the claimant the amount of the smaller fee." *Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)) (some alterations omitted).  Section 406(b) calls for courts to conduct an independent review of Social Security contingency arrangements to ensure that the attorney for the successful claimant has met his burden of demonstrating that the fee sought is reasonable.  *Gisbrecht*, 535 U.S. at 807.  "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [ ] in order." *Id.* at 808.

Although typically in the Fifth Circuit, attorneys' fees are calculated using the "lodestar" method, exclusive reliance on that method is not permitted to determine a reasonable attorney's fee in Social Security cases.  *See Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010).  District courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee as long as that calculation is not the sole factor considered.  *Id.* at 381.  Instead, in assessing the reasonableness of a fee, a court should consider other factors such as the risk of loss to the attorney in taking the case, the attorney's experience, the percentage of the past-due benefits the fee constitutes, the value of the case to the claimant, the degree of difficulty of the case, whether the client consented to the requested fee, the results achieved, and whether the attorney's success can be attributed to his own work.  *See id.* at 380-82.

Having considered Plaintiff's motion and the applicable law, the Court finds that

counsel's fee request is not wholly reasonable in this instance.  Counsel's fee agreement with Plaintiff in this case calls for an award in counsel's favor of 25 percent of Plaintiff's retroactive benefits.  (Doc. 24-3 at 3-4).  There is no suggestion that any fraud or overreaching occurred in this matter as Plaintiff, who has a college degree in mathematics, states that he signed the fee agreement with full knowledge of what it entailed and requests that the Court pay counsel the entire amount counsel requests.  (Doc. 24-7 at 2); *Jeter*, 622 F.3d at 381-82 (noting that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable).  Moreover, counsel acted in a timely fashion in litigating the case and achieving a significant victory for his client, including past due benefits of more than $162,000. *Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the amount of time invested).  Indeed, upon receipt of counsel's opening brief, the Commissioner moved to remand the case, rather than file a cross-motion for summary judgment, and also entered into a stipulation for the award of EAJA fees in counsel's favor.  (Doc. 15; Doc. 23).

A favorable outcome in this matter was by no means guaranteed as courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. 2011) (Ramirez, M.J.), *adopted by* 2011 WL 6288029 (N.D. Tex. 2011) (O'Connor, J.).  Plaintiff contends that his original attorney declined to continue representing him upon the unfavorable ruling in his final administrative appeal, and several other law firms refused to accept his case.  (Doc. 24-7 at 2).  The case had a high degree of value to Plaintiff as he ultimately was able to recoup more than $162,000 in past due benefits that he otherwise would not have if he had followed the advice of other attorneys he spoke with who advised him to file a

new benefits application rather than pursue this appeal.  *Jeter*, 622 F.3d at 382 (noting that courts can consider the value of the claim to the client in determining the fee's reasonableness).

Attorney Carl Weisbrod also brought to bear in this case extensive experience, including 30 years of practice in Social Security law and board certification in the area of Social Security disability advocacy.  (Doc. 24-5 at 2); *Jeter*, 622 F.3d at 382 (noting that courts can consider attorney experience and skill in determining the reasonableness of the fee).  Weisbrod was assisted in this matter by attorney Michael Kelly who has been practicing Social Security law almost exclusively for approximately 20 years and who is also board certified in this specialty. (Doc. 24-5 at 3).  Both counsel provided effective and efficient representation, expending 28.1 hours in preparing a 46-page summary judgment motion that discussed four issues as well as several sub-issues and developed each with legal and factual analysis.  (Doc. 13); *Jeter*, 622 F.3d at 382 (noting that courts may consider the degree of difficulty of the case in assessing the fee's reasonableness).

Nevertheless, as the Commissioner notes, the size of the award counsel seeks ($35,000.00) divided by the hours expended on the case (28.1) leads to a high hourly rate ($1,245.55) when compared to other effective hourly rates that have been approved in this circuit.  *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall); *see also Harvill v. Colvin*, No. 3:11-CV-2282-BK (N.D. Tex. 2014) (noting no objection by Commissioner and approving effective hourly rate of $615.00)[1]; *Taylor v. Commissioner, Soc.*

---

[1] When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate. *See Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995) (court approved the fee sought where the appellant did not question the hourly rate claimed, but noted that because the specifics were not subject to adversarial testing, the court would not opine whether the fee rate would be reasonable in other cases).

*Sec. Admin.*, No. 6:09-CV-189, 2013 WL 3357936, *2 (E.D. Tex. 2013) (noting no objection by Commissioner and approving effective hourly rate of $613.45); *Jones v. Commissioner, Soc. Sec. Admin.*, No. 2:10-CV-136, 2013 WL 2405476, *2 (E.D. Tex. 2013) (noting no objection by Commissioner and approving effective hourly rate of $715.35); *cf. Trussell v. Commissioner, Soc. Sec. Admin.*, No. 3:10-CV-2169-L, 2013 WL 5738630, *1, 3, 5 (N.D. Tex. 2013) (Stickney, M.J.) (noting Commissioner's objection to the fee award, finding effective hourly rate of $875.00 to be "excessively high," awarding $450.00 per hour, and increasing the lodestar based on other factors that weighed in counsel's favor to award a fee representing 2/3 of the requested figure; final hourly fee equated to $583.33), *adopted by* 2013 WL 5738630 (Lynn, J.).  The Court finds that a downward adjustment, like that in *Trussell*, is necessary in the instant case to prevent a "windfall," since the past-due benefits that Plaintiff received ($162,000) are large in comparison to the amount of time counsel spent on the case (28.1 hours).  *See Gisbrecht*, 535 U.S. at 808.

Upon careful consideration, the undersigned concludes that attorneys' fees in the total amount of $21,000 would fully and fairly compensate counsel for the work performed in this case.  This leads to an hourly rate of $747.33 ($21,000 divided by 28.1 hours) and constitutes approximately 13% of the past-due benefits paid to Plaintiff.  *Jeter*, 622 F.3d at 382 (noting that courts can consider the percentage of the past-due benefits the fee constitutes).  This figure also represents 60% of counsel's requested fee, and is especially appropriate in light of the fact that Plaintiff's counsel were willing to pursue his appeal (which ultimately resulted in the award of retroactive benefits), even after other attorneys had declined to do so.  *See Trussell*, 2013 WL 5738630 at *5 (increasing the lodestar calculation to two-thirds of the requested amount based on factors weighing in favor of a higher fee).

Accordingly, Plaintiff's *Motion for Attorneys' Fees* (Doc. 24) should be **GRANTED IN PART**, to the extent that counsel is awarded $21,000 in attorneys' fees under section 406(b). Upon receipt of this award, counsel should be ordered to remit to Plaintiff the $5,056.31 EAJA award previously granted in this case.

**SO RECOMMENDED** on March 18, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE