UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. SABOURIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:11-cv-2109-M |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation of Magistrate Judge Renee Toliver, recommending a reduction in the amount of attorney fees sought by Carl Weisbrod, counsel for Michael Sabourin, from $35,000.00 to $21,000.00 [Docket Entry #29]. Plaintiff's counsel objected to the Magistrate Judge's Recommendation. For the reasons stated below, Plaintiff's counsel's objections are **SUSTAINED**, and the decision of the Magistrate Judge is **MODIFIED**.

Weisbrod represented Claimant Michael Sabourin in this action, seeking review of an adverse administrative ruling denying Social Security benefits to Sabourin. On May 12, 2011, Weisbrod and Sabourin entered into an Attorney Fee Agreement, which provided that Weisbrod was entitled to a contingent fee of 25% of any past-due benefits awarded to Sabourin. On April 10, 2012, the Magistrate Judge remanded Sabourin's case to the Commissioner of the Social Security Administration for further administrative proceedings. On remand, the Commissioner found Sabourin disabled, and awarded him retroactive disability benefits in the amount of $162,452.00. Pursuant to the contingent fee agreement, the Social Security Administration

withheld 25%, or $40,613.00, of Sabourin's past-due benefits. Weisbrod requests a fee award of $35,000.00, or 21.5% of Sabourin's past-due benefits, as compensation for his services in federal court. The Court previously awarded an attorney fee under the Equal Access to Justice Act ("EAJA"), in the amount of $5,056.31. Weisbrod stipulated that if the Court awards the additional amount requested, he will remit the lesser EAJA amount previously awarded.

The Commissioner opposes Weisbrod's requested fee, arguing that the amount requested results in an unreasonable de facto hourly rate of $1,245.55 per hour ($35,000.00 divided by the 28.10 hours of time Weisbrod expended in federal court). The Magistrate Judge recommended an award of $21,000.00, which is a de facto hourly rate of $747.33 per hour, or approximately 13% of past-due benefits. The Magistrate Judge acknowledged a number of factors in favor of awarding the full fee sought, but ultimately concluded that the size of the award Weisbrod requested, divided by the hours expended on the case, produced an excessively high hourly rate when compared to other hourly rates that have been approved in the Fifth Circuit.

Attorney fees for representation of claimants in Social Security cases are governed by the Social Security Act, which provides:

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total past due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1). In *Gisbrecht v. Barnhart*, the Supreme Court held that the appropriate starting point for judicial determinations of "a reasonable fee" for representation is the contingent fee agreement, where such an agreement exists. *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). Nevertheless, the Fifth Circuit has noted that *Gisbrecht* "still permits a court to include a lodestar calculation in its consideration of the fee—specifically, in instances where the

court simultaneously relies on additional factors to support its determination that the contingency fee constitutes an unearned advantage to the attorney—such that the fee award may be considered a windfall." *Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010). Such factors include, but are not limited to, the following: "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (quoting *Brannen v. Barnhart*, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

In her Findings, Conclusions, and Recommendation, Magistrate Judge Toliver acknowledged a number of factors in favor of awarding the full fee: Sabourin, a highly educated person with a college degree in mathematics, signed the contingent-fee agreement with full knowledge of what it entailed; Weisbrod achieved a significant victory; Weisbrod handled Sabourin's appeal even though there was a substantial risk of loss (Sabourin's attorney at the administrative level declined to continue representing Sabourin in federal court, and several other firms refused to take the representation); the federal action was highly valuable to Sabourin; Weisbrod has extensive experience, having practiced Social Security law for thirty years; and Weisbrod provided effective and efficient representation, expending 28.10 hours in preparing a 46-page summary judgment motion, in response to which this Court remanded the case for further administrative proceedings.[1] Considering all of these factors, the Court finds that the fee award requested by Plaintiff would not result in an unearned windfall to Weisbrod, but rather constitutes fair compensation. Accordingly, Plaintiff's counsel's request to award attorney fees in the amount of $35,000.000 is **GRANTED**, subject to his obligation to refund to Sabourin

---

[1] Instead of opposing Weisbrod's motion for summary judgment, the Commissioner filed a motion to remand the case for further administrative proceedings. Magistrate Judge Toliver recommended granting the Commissioner's unopposed motion, and this Court adopted the Magistrate Judge's recommendation. On remand, the Commissioner found Sabourin disabled, and awarded him retroactive disability benefits in the amount of $162,452.00.

the previously awarded EAJA fee.

**SO ORDERED**.

August 12, 2014.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**